# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kaylynn SMITH,<br>   Plaintiff,<br><br>    v.<br><br>Carolyn COLVIN,<br>Commissioner of Social Security (acting)<br>   Defendant. | CIVIL ACTION<br><br>NO. 12-3784 |

Baylson, J.                                                    August 24, 2017

## MEMORANDUM RE: MOTION TO DISMISS

In this case, Plaintiff Kaylynn Smith ("Smith") seeks judicial review of the denial of her application for disability insurance benefits by the Commissioner of Social Security ("Defendant"). Presently before the Court are the competing briefs of the parties addressing the question of whether Smith's request for review of Defendant's decision should be granted. (See ECF 11, "Pl.'s Brief"; ECF 12, "Def.'s Opp'n"). For the reasons discussed below, the decision of Defendant is affirmed and Smith's request for review is denied.

### I. Factual and Procedural History

Taking Smith's allegations as true, the factual background is as follows. Smith, a fifty-three year old woman with a twelfth-grade education, suffers from a variety of mental and physical health ailments, including headaches, seizures, social anxiety, arthritis, obesity, joint pain, and asthma. (Pl.'s Brief at 5-7). For sixteen years, Smith maintained employment as a food service worker, but she ceased working after suffering a grand mal seizure and concussion at work in February 2005. (Id. at 3).

Smith applied to the Social Security Administration for disability benefits on December 19, 2006 for a period of disability beginning February 10, 2005, but her application was denied

shortly thereafter on April 26, 2007. (ECF 1, Compl. ¶ 5). On May 9, 2007, Smith submitted a request to have her case heard before an Administrative Law Judge ("ALJ"), and a videoconference with an ALJ was held on July 8, 2010 in Reading, Pennsylvania. (Id. ¶¶ 6-7). The ALJ issued an unfavorable decision on July 14, 2010, in which she found that Smith was not "under a disability," as defined in the Social Security Act, and was therefore ineligible for the disability benefits that she sought. (ECF 5, Administrative Record, "Admin. Rec." 42). Smith's subsequent request, that the Appeals Council of the Social Security Administration review the hearing decision of the ALJ, was denied. (Compl. ¶ 9).

Smith filed the instant suit seeking review of the Commissioner's final decision on July 5, 2012. The case was suspended for three years, and a briefing schedule was set by the Court in 2015. (ECF 8). Smith submitted a brief in support of her request for review on June 26, 2017 (ECF 11), and Defendant filed a Response requesting that the Court affirm the decision of the ALJ on July 27, 2017. (ECF 12).

## II. Legal Standards

### A. Determination of Disability

Eligibility for disability benefits under the Social Security Act requires a claimant to present "some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." Burnett v. Commissioner of Social Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)); see also 42 U.S.C. § 423(d)(1) (delineating the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" as the statutory definition of the term "disability").

Pursuant to 20 C.F.R. § 404.1520, the Commissioner must follow a five-step sequential

process for evaluating whether a claimant is entitled to disability benefits under the Social Security Act. Id.

At Step One, the Commissioner must analyze the claimant's current work activity and, if the claimant is currently engaging in substantial gainful activity, the claim must be denied. § 404.1520(a)(4)(i).

At Step Two, the Commissioner must analyze the severity of the claimant's impairment or combination of impairments, and if the impairments are not "severe" the claim must be denied. § 404.1520(a)(4)(ii).

At Step Three, the Commissioner must determine whether the impairment(s) of the claimant meets or equals the severity of one of the impairments in the Listing of Impairments presumed severe enough to preclude any gainful work, and if so, the claimant is eligible for disability benefits. § 404.1520(a)(4)(iii).

If the claim is not approved at Step Three, the Commissioner must continue to Step Four, where she must consider whether the claimant retains the residual functional capacity ("RFC") to meet the physical or mental demands of past relevant work; if so, the claimant will not be classified as disabled. § 404.1520(a)(4)(iv).

Finally, at Step Five, the commissioner must assess the RFC, age, education level, and work experience of the claimant to ascertain whether an adjustment can be made to enable her to perform other work. § 404.1520(a)(4)(v). Once a claimant demonstrates she is unable to resume the past relevant work, this step requires the Commissioner to show that the claimant is "capable of performing other available work in order to deny a claim of disability." Burnett, 220 F. 3d at 118.

### B. Judicial Review of Determination of Disability

Under the Social Security Act, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such a decision by a civil action." 42 U.S.C. § 405(g). However, the Commissioner's findings "as to any fact, if supported by *substantial evidence*, shall be conclusive." Id. (emphasis added). Therefore, the scope of this Court's review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact." Simpson v. Astrue, No. 10-2874, 2011 WL 1883124, at *4 (E.D. Pa. May 17, 2011) (Baylson, J) (quoting Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001)).

The substantial evidence standard has been described by the Third Circuit as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). Accordingly, where the findings of fact made by the ALJ are supported by substantial evidence, the district court is bound to affirm her decision, even if the court would have reached a different outcome in the factual inquiry. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

## III. Discussion

The principal issue as to which inquiry into the administrative record is warranted is whether Defendant considered the opinion of Smith's treating physicians in denying her claim for disability benefits. In general, the medical opinions of physicians should be accorded great weight, especially "when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987). For the reasons discussed below, the Court finds that the ALJ's

consideration of the medical opinions of Smith's treating physicians is supported by the deferential substantial evidence standard, and therefore Smith's request for review is denied.

In concluding that Smith was ineligible for disability benefits under the Social Security Act, the ALJ made the following findings in conducting its five-step process under the Social Security Act:

(1) Smith has not engaged in substantial gainful activity;

(2) Smith has severe impairments of seizure disorder, plantar fasciitis, asthma, obesity, and depression;

(3) none of Smith's impairments satisfy the requirements for any of the Listed Impairments that preclude gainful work;

(4) Smith has the RFC to perform medium work; and

(5) Smith is capable of performing past relevant work as a dietary aide and other jobs that require a specific vocational preparation of two.

(Admin. Rec. 36-42). The ALJ's decision includes the extent to which she factored in the assessments of Smith's treating physicians, and her evaluation of the credibility of their opinions. Because the ALJ's assessment of the opinions of Smith's treating physicians is supported by substantial evidence, the decision of the ALJ must be affirmed.

Where the decision of an ALJ is contradicted by the reasoned medical opinions of the claimant's treating physicians, it is not supported by substantial evidence, and therefore is not entitled to affirmation by the district court. Rocco, 826 F.2d at 1348 (3d Cir. 1987). For example, in Rocco, the Third Circuit concluded that the ALJ's denial of the plaintiff's claim for disability benefits was entitled to review, because the ALJ's determination, which was erroneously affirmed by the district court, "fl[ew] in the face of the medical evidence." Id. at

1350. In particular, the Court detailed the reports of various physicians who attested to the significant physical limitations caused by the claimant's lower back condition, noting the opinion of the claimant's attending physician and surgeon that the claimant was "certainly totally disabled at the present time for any time of work" and unlikely to "ever be able to return to heavy work with respect to his low back because of his stenotic lumbar spine;" the opinion of another surgeon that the claimant was "totally disabled at the present moment;" and a report submitted by the claimant's long-time family physician that the claimant was "totally incapable of holding down full time employment in any type of occupation." Id. at 1349.

In contrast, the facts of the instant case are sharply differentiable from Rocco, because here there is substantial evidence in the record to support the ALJ's consideration of the opinions of Smith's treating physicians in denying Smith's request for disability benefits. Dr. Clifford A. Reed, M.D., Smith's treating physician, began seeing her for her seizures on November 22, 2005, at which point he adjusted her seizure medication and determined that she was "stable from the seizure standpoint." (Admin Rec. 345). Dr. Reed continued to see Smith once a year from 2005-2009 for her seizure symptoms and as-needed for her migraines to ensure that her condition did not worsen. (Id. 405-410). In February 2007, Dr. Reed completed a form for the Pennsylvania Bureau of Disability Determination, in which he indicated that Smith could perform a range of sedentary work, including tasks that required occasional "bending" and "stooping." (Id. 341). Dr. Reed also provided his opinion that Smith's impairments did not affect her ability to "feel," "speak," or "taste/smell." (Id. 341). In her decision denying Smith's request for disability benefits, the ALJ explained that she gave Dr. Reed's assessment "great weight because it is consistent with his treatment records." (Id. 42). Indeed, the ALJ's decision contains frequent references to the findings and conclusions of Dr. Reed. (Id. 40-42). Dr.

Reed's judgments—specifically that Smith's seizure condition was effectively addressed by the medication plan he put her on and that she was able to perform tasks related to sedentary work—are adequately supported by medical evidence in the record, and therefore the great weight that the ALJ put on them in denying Smith's claim for disability benefits is supported by substantial evidence.

Moreover, this conclusion obtains support in the administrative record from the evaluations of other physicians who assessed Smith. For example, Dr. Anthony J. Fischetto, Ed.D., a clinical psychologist who saw Smith on March 20, 2007 assessed her prognosis as "fair," noting that "she could benefit from ongoing psychiatric and psychological help." (Id. 355-358). However, Dr. Fischetto also opined that Smith "has trouble focusing, paying attention, short-term memory, loses her train of thought in a conversation." (Id. 358). To the extent that Smith is asserting that the ALJ inappropriately discounted Dr. Fischetto's conclusions on the daily living and social functioning effects of Smith's impairments, the ALJ properly accounted for this, noting that she "assigned some weight to this examining source, but it is not completely consistent with the objective evidence contained throughout the medical records." (Pl.'s Brief at 8; Admin. Rec. 41); see also Plummer, 186 F.3d at 429 (noting that the opinion of a treating physician can be rejected outright only if contradictory medical evidence exists, but explaining that assigning less weight to a physician's opinion may be appropriate depending on the extent to which a supporting explanation is provided). Additionally, Dr. Gregory Singer, M.D., of the Pennsylvania Bureau of Disability Determination, saw Smith on April 11, 2007, finding that she "appears to be very cognitive" and has "no limitations on standing, walking, or sitting." (Admin. Rec. 365-366). The ALJ noted that similar to her treatment of Dr. Reed's assessment, she "assigned great weight to this examining source, as it is consistent with the

objective findings contained throughout the claimant's medical records." (Id. 41). Therefore, unlike in Rocco, where the Court found that "the evidence submitted by the attending physicians was not given the credence it deserved," here the ALJ adequately accounted for the medical opinions of Smith's physicians, and therefore substantial evidence supports her conclusion that Smith was not entitled to disability benefits. Rocco, 826 F.2d at 1351.

In summary, the ALJ's incorporation of the medical opinions of Smith's treating physician, Dr. Reed, is supported by substantial evidence, and this is corroborated both by other non-medical evidence and by the opinions of other physicians who saw Smith over the relevant time period. Because substantial evidence supports the ALJ's denial of disability benefits to Smith, the ALJ's decision must be affirmed.

### IV.     Conclusion

For the foregoing reasons, Plaintiff's request for review is denied.

An appropriate Order follows.

O:\Jessica.2016\12-cv-3784, Smith v. Astrue\Memo Re Request for Judicial Review.docx